# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY H. JOHNSON and UNITED TOWING SERVICE, LLC, <br> Plaintiffs, <br><br> v. <br><br> BRIAN BRADFORD, *individually and in his official capacity as a Police Officer of the Borough of Braddock Hills, Allegheny County, Pennsylvania*, and THE BOROUGH OF BRADDOCK HILLS, PENNSYLVANIA, <br> Defendants. | 2:16-cv-205 |

## MEMORANDUM ORDER

Plaintiffs Jay H. Johnson and United Towing Service, LLC, of which Johnson is the sole member, have brought this claim under 42 U.S.C. § 1983. They allege that Defendant Brian Bradford, a Braddock Hills police officer, cited a tow truck owned by United for a variety of Pennsylvania Motor Vehicle Code violations between January 30, 2013, and June 6, 2013, without actually being an eyewitness to the violations or learning about them from a witness. In other words, Johnson thinks Bradford made the charges up out of whole cloth. A district magistrate judge found Plaintiffs guilty, but the citations were ultimately dismissed on summary appeal after Bradford testified that he did not stop Plaintiffs' truck to observe the violations. Plaintiffs allege that Bradford (1) maliciously prosecuted them in violation of their Sixth Amendment rights; (2) deprived them of their Fourteenth Amendment liberty interest in their reputations; and (3) retaliated against them in violation of the First Amendment. Various state-law claims are also alleged. Defendants have moved to dismiss Plaintiff's first two causes of action, but Plaintiff has agreed to withdraw the second. The only question before the Court, then, is whether Plaintiff has made out a § 1983 claim for malicious prosecution. He has not.

1

In *Albright v. Oliver*, 510 U.S. 266 (1994), a plurality of the Supreme Court "held that a claim of malicious prosecution under section 1983 cannot be based on substantive due process considerations, but instead must be based on a provision of the Bill of Rights providing 'an explicit textual source of constitutional protection.'" *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 792 (3d Cir. 2000) (quoting *Albright*, 510 U.S. at 272). Typically, that provision is the Fourth Amendment, but it need not be. Our Court of Appeals has "read *Albright* as standing for the proposition that a section 1983 malicious prosecution claim could be based on a constitutional provision other than the Fourth Amendment . . . so long as it was not based on substantive due process." *Id.* (citing *Torres v. McLaughlin*, 163 F.3d 169, 173 (3d Cir. 1998)).

Plaintiffs base their malicious prosecution claim on the Confrontation Clause of the Sixth Amendment, which provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. Const. amend. VI. They argue that "[t]he absence of a witness to the vehicular violations here at its core violated the Sixth Amendment principle to confront witnesses against [Plaintiffs] because the action of the state, citing vehicular violations without stopping the vehicle and observing the violation charged or having a third party witnesses to the violation foreclosed any possibility to confront witnesses against them." Pls.' Br. 11. Put another way, "without a witness," Plaintiffs argue, "a state cannot comply with the Sixth Amendment because it cannot produce witnesses to permit a defendant to confront his accuser(s)." *Id.*

The Court disagrees, for Plaintiffs' novel argument has no support in the case law or the principals behind the Confrontation Clause. "[T]he principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of ex parte examinations as evidence against the accused." *Crawford v. Washington*, 541 U.S. 36, 50

(2004). The Confrontation Clause was designed to prevent such examinations from being used against a defendant "'in lieu of a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.'" *California v. Green*, 399 U.S. 149, 157-58 (1970) (quoting *Mattox v. United States*, 156 U.S. 237, 242-243 (1895)). "[I]t is this literal right to 'confront' the witness at the time of trial that forms the core of the values furthered by the Confrontation Clause[.]" *Id.* at 157.

Plaintiffs have not alleged that those values were undermined in any way. They are not claiming, for instance, that there was some absentee witness or accuser whom they weren't permitted to confront. To the contrary, there was only one "witness" against them, one "accuser" in the relevant sense: Officer Bradford.[1] And he took the stand at the summary appeal hearing and opened himself up to cross-examination. That was all that the Sixth Amendment required; Plaintiffs had the "literal right" to confront the person who accused them of wrongdoing. Indeed, the citations were dismissed, apparently because Officer Bradford couldn't substantiate the allegations, so the system worked exactly as intended. The allegations crumbled when Plaintiffs were given the opportunity to "challenge [their] accuser in a face-to-face encounter[.]" *Id.* While proceeding without an actual witness to the violations might run afoul of Pennsylvania procedure[2] and make it difficult, if not impossible, for the Commonwealth to sustain its burden

---

1. Plaintiffs seem to suggest that Officer Bradford was not truly a "witness[] against [them]" because he did not personally observe the alleged violations. That is nonsense. His lack of personal observation might have made him a *bad* witness, but he was a witness nonetheless.

2. Under the Pennsylvania Rules of Criminal Procedure, "[a] law enforcement officer may issue a citation based upon information that the defendant has committed a summary violation, which information may be received

of proof (and possibly even open Officer Bradford up to a state-law malicious prosecution claim, which does not require proof of a Constitutional violation[3]), it is immaterial for the purposes of the Confrontation Clause, as long as the defendant is given the opportunity to confront those who accuse him of misconduct. Since Plaintiffs were given that opportunity, they cannot make out a violation of their Confrontation Clause rights and their malicious prosecution claim must be **DISMISSED** for want of an underlying Constitutional violation. Accordingly, Defendants' Partial Motion to Dismiss (ECF No. 7) is hereby **GRANTED**.

It is **SO ORDERED**, this 31st day of May, 2016.

It is **FURTHER ORDERED** that Defendants shall file an answer to the remaining counts of the complaint on or before **June 14, 2016**. The parties shall confer as necessary and file their Stipulation Selecting ADR Process and their Rule 26(f) Report on or before **June 28, 2016**. The Initial Case Management Conference is hereby **SCHEDULED** on July 15, 2016, at 8:30 a.m. in Courtroom 6C.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

---

from a personal observation of the commission of the offense; a witness; another police officer; investigation; or speed-timing equipment, including radar." Comment to Pa. R. Crim. P. 405.

3. The Court expresses no opinion as to the viability of Plaintiffs' state-law claim.